UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JESUS MARTINEZ                         CIVIL ACTION NO. 15-cv-2394

VERSUS                                 JUDGE FOOTE

L. BROWN, ET AL                        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Jesus Martinez ("Plaintiff") is a self-represented pretrial detainee housed at the Caddo

Correctional Center.  He alleges in this civil action that Cpl. L. Brown unnecessarily tilted

Plaintiff's wheelchair despite Plaintiff's request to stop.  Plaintiff also names as defendants

jail commander Robert Wyche and supervising officer Sgt. David Robinson.  Before the

court is a Motion for Summary Judgment (Doc. 15) filed by the three defendants.  Plaintiff

has not filed  any timely opposition.  For the reasons that follow, it is recommended that the

motion be granted.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. Pro. 56(a).  A fact is "material" if it might affect the outcome of the suit under

governing law.  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986).  A dispute

is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for

either party.  <u>Anderson</u>, <u>supra</u>; <u>Hamilton v. Segue Software Inc.</u>, 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact.  <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S.Ct. 1348, 1355-56 (1986).

**Relevant Facts**

### A.  Allegations and Grievance Process

Plaintiff alleges in his complaint that he was in the jail in his wheelchair when Cpl. Brown "came up from behind me playing and pulled my wheelchair backward and almost had my back to the ground."  Plaintiff alleges that Brown continued even though Plaintiff told him many times to stop.  Plaintiff also alleges that Brown then came to his cell door and taunted him about what he had done.  Plaintiff stated that this was the second time this had happened.

Plaintiff filed an administrative remedy procedure grievance and requested as relief that Brown be suspended two weeks without pay.  Lt. Dinkins issued the first-step response. He wrote that video footage showed Brown pulling Plaintiff backwards in the wheelchair, and he tilted the chair at least two times.  Dinkins stated that he had never seen Plaintiff need

assistance with his wheelchair, and there was no reason for Brown to ever touch Plaintiff's chair.  The grievance was determined to be "founded."

Plaintiff pursued the grievance to the second step.  He wrote that the first time such an incident happened, Sgt. Brewer told him that the necessary measures had been taken to assure an incident of that nature did not occur again, but it happened again within one month.  Plaintiff complained that nothing was being done about the incidents.  The step two response from Commander Wyche noted that Lt. Dinkins found the allegations to be confirmed and the actions of Cpl. Brown were unwarranted.  Wyche stated that Brown "has been disciplined concerning his actions," but Plaintiff's request that Brown be suspended for two weeks without pay was denied.

Plaintiff pursued the grievance to the third step and stated that he wanted verification that something was being done beyond talking to Brown.  He wanted written confirmation of what discipline was imposed, and he said he would file suit if that was not provided.  Sgt. David Robinson replied to the third step.  He stated summarily that Cpl. Brown "was disciplined per CPSO policy and procedure," but Plaintiff's request for a two-week suspension was denied.  Plaintiff then filed this suit.

### B. Summary Judgment Evidence

Defendants filed their motion for summary judgment supported by a statement of Cpl. Brown made under penalty of perjury pursuant to 28 U.S.C. § 1746.  Brown stated that Plaintiff's wheelchair will not fit through his cell door, and Plaintiff stands up before entering his cell.  Brown stated that he "grasped the back of the wheelchair when [Plaintiff]

approached his cell." Brown stated that Plaintiff "told me to stop touching his wheel chair, and I complied with his request." Brown claims that his intent was to help Plaintiff out of his chair before he entered his cell. He admits being in the cell block area after the incident and speaking with an inmate housed near Plaintiff, but he states that he was not there to taunt Plaintiff. After this incident, Brown says, "I have not had any problems or negative interactions with the prisoner." He adds that neither Sgt. Robinson nor Commander Wyche were involved in the incident.

**Analysis**

Defendants present evidence that Plaintiff was, at the time of the incident, a pretrial detainee awaiting trial on charges of aggravated rape, second degree kidnaping, and home invasion. The claims of a pretrial detainee are governed by the Due Process Clause, rather than the Eighth Amendment that applies to claims by convicted prisoners. "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). Objective reasonableness turns on the facts and circumstances of each particular case, and a court must make the determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight. Id.

A non-exclusive list of factors that may bear on the reasonableness or unreasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by

the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id.

Mere negligence by the officer will not make out a claim. Kingsley, 135 S.Ct. at 2472, citing Daniels v. Williams, 106 S.Ct. 662 (1986) (affirming dismissal of inmate's claim that he slipped on a pillow negligently left on the stairs by a deputy). But the detainee need not prove intent to punish to prevail on a claim that his due process rights were violated. He "can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley, 135 S.Ct. at 2473-74.[1]

Cpl. Brown's statement under penalty of perjury is not entirely consistent with the findings made during the administrative remedy process, but Brown's statement is the only competent summary judgment evidence before the court.[2]  Plaintiff's complaint is not verified, and Plaintiff has not submitted any affidavits or similar evidence.  Under the facts

---

[1]  The Fifth Circuit has not yet addressed the impact of Kinglsey on its prior decisions regarding pretrial detainees, but it appears Kingsley overruled cases such as Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1999) that applied the Eighth Amendment standards to pretrial detainees and required proof of malicious or sadistic intent to cause harm.  Andrew v. St Tammany Parish Prison, 2016 WL 447680, *8 (E.D. La. 2016).

[2]  Facts sworn to under 28 U.S.C. § 1746 have been recognized as competent summary judgment evidence. Hart v. Hairston, 343 F.3d 762 n. 1 (5th Cir. 2003); Hewitt v. Bradford, 2016 WL 3254056 (5th Cir. 2016).

presented by Brown, there is no basis for finding that there was force used by him that was objectively unreasonable.

Even if the version of the facts found by Brown's superiors during the administrative process are accepted, it is debatable whether there was sufficient "force" used to trigger the Constitution under the <u>Kingsley</u> standard.  The incident was allegedly unwanted and there was an element of control involved, but the episode is more horseplay in poor taste than excessive force.  In any event, the remedy that Plaintiff seeks in his complaint is $50,000 for pain and mental suffering, plus $100,000 for other compensatory damages.  Doc. 1, p. 5. Plaintiff's claim for compensatory damages is barred by 42 U.S.C. § 1997(e)'s provision that no federal civil action may be brought by a prisoner for mental or emotional injury without a prior showing of physical injury.  This requirement applies to all federal civil actions in which a prisoner alleges a constitutional violation, including claims that are not usually accompanied by physical injury.  <u>Geiger v. Jowers</u>, 404 F.3d 371, 374-75 (5th Cir. 2005) (applying statute to First Amendment claim).   Accordingly, Plaintiff could not obtain the relief he seeks even if he were able to prove all of the facts alleged in his complaint and persuade the court that there was a violation of due process under the <u>Kingsley</u> standard.

Finally, Plaintiff's allegations that Brown came to his cell and taunted him do not survive summary judgment.  "[A]s a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." <u>McFadden v. Lucas</u>, 713 F.2d 143, 146 (5th Cir. 1983).  <u>See</u> <u>also</u> <u>Bender v. Brumley</u>, 1 F.3d 271, 274 n.

4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983.").

Accordingly,

**IT IS RECOMMENDED** that the Defendants' **Motion for Summary Judgment (Doc. 15)** be **granted** and that Plaintiff's civil action be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of July, 2016.



Mark L. Hornsby
U.S. Magistrate Judge